UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. COOPER, | No. 2:22-cv-1632 DAD KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| PATRICK COVELLO, Warden, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2018 conviction for theft of a vehicle. Respondent filed a traverse, and petitioner filed a reply, as well as a motion for summary judgment. After careful review of the record, this court concludes that the petition and the motion should be denied.

II. State Court History

On November 1, 2018, a jury found petitioner guilty of theft of a 2007 Ford F250 truck on June 26, 2018, in violation of California Vehicle Code section 10851(a).[1] (ECF No. 12-15 at 1,

---

[1] The jury was instructed as follows:
"The defendant is charged in Count 1, with unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851(a).
To prove that the defendant is guilt of this crime, the People must prove that:
   1. The defendnt took or drove someone else's vehicle without the owner's

1

3-4.) Petitioner was sentenced to 8 years in state prison, with an additional two year enhancement under California Penal Code § 667.5(b).  (ECF No. 12-1 at 175 (CT 168).)

On December 7, 2018, petitioner appealed the conviction, No. C088522, to the California Court of Appeal, Third Appellate District.  (ECF No. 12-9.)  In his appeal, petitioner did not challenge the fact or legality of his conviction, but rather challenged the trial court's finding that petitioner's prior conviction qualified as a strike, and that various fines and assessments must be stayed pending a determination of his ability to pay and petitioner supplemented his opening brief with a claim that the three strikes enhancements should be stricken.  (ECF Nos. 12-5, 12-6.)  The appellate court affirmed the conviction on June 23, 2021, but remanded with directions to the trial court to strike both prior prison term enhancements and for resentencing.  (ECF No. 12-9.)

Subsequently, the trial court sentenced petitioner to four years doubled to eight years for the prior strike found true by the jury and struck the prior prison term sentences imposed under former section 667.5.  (ECF No. 12-15 at 5.)  Petitioner appealed, again raising sentencing issues, and sought recalculation of custody credits.  (ECF No. 12-12.)  The state appellate court declined to grant petitioner relief under California Penal Code section 1170, finding petitioner's sentence was imposed consistent with section 1170, subdivision (b), as amended, but directed the trial court to recalculate petitioner's custody credits and to prepare an amended abstract of judgment.  (ECF No. 12-15.)

Petitioner subsequently filed multiple state court petitions, five of them in the California Supreme Court:[2]

////

---

consent;
AND
    2. When the defendant did so, he intended to deprive the owner of possession or ownership of the vehicle for any period of time.
A taking requires that the vehicle be moved for any distance, no matter how small.
A vehicle includes a passenger vehicle."
(ECF No. 12-1 at 140 (CT 133).)

[2] Petitioner also filed at least ten habeas petitions in the Sacramento County Superior Court and the California Court of Appeals both during and after his appeal.  (ECF Nos. 12-17 to 12-22; 12-24 to 26; 12-30.)

On June 5, 2020, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, No. S262617, which was denied on September 9, 2020, without comment. (ECF No. 12-23.) Petitioner claimed ineffective assistance of counsel based on defense counsel's failure to demonstrate Lavergne did not own the 2007 Ford truck, and prosecutorial misconduct based on failure to a disclose police report showing Lavergne was the victim of theft.

On October 30, 2020, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, No. S265297, which was denied without comment on January 20, 2021. (ECF No. 12-28.) In this petition, petitioner sought post-conviction discovery. (Id.)

On November 30, 2020, petitioner filed a petition for review in the California Supreme Court, which was denied without comment on January 13, 2021. (ECF No. 12-27.) Petitioner claimed a violation of Brady based on a failure to disclose statements made by the victim Bruce Lavergne and any reports filed by Lavergne, and prosecutorial misconduct based on such failure to disclose. (Id.)

On August 6, 2021, petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Third Appellate District, No. C094573, claiming lack of jurisdiction, prosecutorial misconduct, lack of evidence supporting his conviction (identified as "false evidence"), newly discovered evidence showing Lavergne committed perjury because he never owned the business or the truck, and the prosecutor failed to disclose such allegedly exculpatory evidence. (ECF No. 12-29 at 2-57.) On August 13, 2021, the appellate court denied the petition, citing In re Clark (1993) 5 Cal. 4th 750, 759; In re Dixon (1953) 41 Cal.2d 756, 759; and In re Waltreus (1965) 62 Cal.2d 218, 225.) (ECF No. 12-29 at 1.)

On August 20, 2021, petitioner filed a petition for review in the California Supreme Court, No. S270474, raising the same claims as those addressed by the Court of Appeals in C094573. (ECF No. 12-31 at 2-55.) On September 22, 2021, the petition for review was denied without comment.[3] (ECF No. 12-31 at 1.)

---

[3] Because this was filed as a petition for review, the California Supreme Court reviewed the denial of the previous petition (C094573) by the California Court of Appeal as if the petition was timely filed. Robinson v. Lewis, 9 Cal. 5th 883, 896 (2020).

On October 13, 2021, the California Supreme Court denied the petition for writ of habeas corpus in No. S270049, citing See In re Robbins (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; In re Clark (1993) 5 Cal. 4th 750, 767-69 [courts will not entertain habeas corpus claims that are successive].)  (ECF No. 12-32 at 1.)  In this petition, No. S270049, petitioner claimed there was lack of jurisdiction for the underlying criminal offense; Brady violation based on failure to disclose discovery; newly discovered evidence (Lavergne allegedly perjured himself by claiming he owned the truck and the business); prosecutorial misconduct; and insufficient evidence to support conviction.  (ECF No. 12-32 at 2-56.) [4]

III. The Federal Petition

Petitioner filed the instant petition on September 16, 2022.  (ECF No. 1.)  Petitioner raises four claims:  (1) lack of jurisdiction (ECF No. 1 at 5); (2) alleged Brady violation based on failure to disclose police report or other document demonstrating Bruce Lavergne claimed he was a victim of auto theft (ECF No. 1 at 87, 90); (3) prosecutorial misconduct based on the prosecution's claim during the July 26, 2018 prelim that Bruce Lavergne was a victim of auto theft and had filed a police report, yet on August 16, 2018, the prosecution disclosed Auburn police report 18-173-1 stating that Zaker Nader was a victim of auto theft and that Robert Butler

---

[4] Petitioner's conviction is not yet final because challenge to his sentence remains pending.  On November 16, 2021, petitioner filed an appeal, No. C095245, and on October 13, 2022, the California Court of Appeal, Third Appellate District again affirmed the conviction, but directed the trial court to recalculate petitioner's presentence custody credits, and to prepare an amended abstract of judgment incorporating such credits.  (ECF No. 12-15.)
  On November 21, 2022, petitioner filed a petition for review in the California Supreme Court, S277431.  (ECF No. 12-16.)  On December 28, 2022, the petition for review was granted, and further action was "deferred pending consideration and disposition of a related issue in People v. Salazar, S275788 (see Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court.  In Salazar, the California Supreme Court "limited review to the following issue:  Did the Court of Appeal err by finding the record clearly indicates the trial court would not have imposed a low term sentence if it had been fully aware of its discretion under newly-added subdivision (b)(6) of Penal Code section 1170?  (See People v. Gutierrez (2014) 58 Cal.4th 1354, 1391.)"  Salazar, S275788.
  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

4

reported the theft; petitioner maintains such report has nothing to do with Bruce Lavergne (ECF No. 1 at 140); and (4) ineffective assistance of counsel based on petitioner's conviction of auto theft in relation to a victim named Bruce Lavergne; counsel allowed the prosecution to withhold relevant reports and disclosed Auburn report 18-173-1 (ECF No. 1 at 180).[5]

IV. Relevant Facts and Evidence

Facts

> [S]urveillance video taken from a Walmart parking lot showed petitioner driving the stolen truck. The Rocklin Police Department report states that petitioner's face can be readily seen in the video as well as the license plate on the truck. Inside the recovered truck law enforcement found tools and personal items belong to petitioner's girlfriend, which she reported he had taken from their home. Petitioner matched the description given by officers in a helicopter of the man existing the vehicle, he was apprehended nearby and law enforcement reported that there were no other subjects in the vicinity.

(ECF No. 12-17 at 2, In the Matter of Justin Cooper On Habeas Corpus, No. 19HC00155 (Sacramento County Superior Court June 28, 2019).[6] "Butler, a mechanic, had the truck to perform a presales inspection." (Id.)

Bruce Lavergne testified as follows. (ECF No. 12-3 at 183-92 (RT 177-86).) He owned the business, Pacific Auto, that owned the 2007 truck. (RT 177, 180.) Lavergne did not know the defendant and the defendant would not have had permission to drive the truck. (RT 177.) Lavergne was on vacation when the truck was stolen. The value of the truck exceeded $950.00. (RT 180.)

Lavergne conceded that the wholesale purchase order dated May 18, 2018 (defense exhibit A) did not reflect Mr. Lavergne's name. (RT 182.) Initially, Lavergne could not recall the date of purchase, but testified he bought it from JR's Wholesale through auto auction, Brazer's [sic] Auto Auction in Sacramento, so the auction would be the seller and Lavergne would be the buyer. (RT 183.) Defense counsel wanted Lavergne to return the next day to

---

[5] Petitioner first raised his ineffective assistance of counsel claims in his March 1, 2019 petition for writ of habeas corpus filed in the Sacramento County Superior Court. (ECF No. 12-17; see also ECF Nos. 12-20; 12-30.)

[6] After independently reviewing the record, this court finds the superior court's summary accurate and adopts it herein.

5

provide the exact date he purchased the truck and the price he paid. (See RT 183-84.) Following an off the record discussion, the prosecution introduced People's Exhibit 17. (ECF No. 1 at 42; CT 166.) Lavergne confirmed that he provided the exhibit to the prosecution that day. (RT 185.) Lavergne testified that the exhibit showed the damages that his business had to pay to fix the stolen and recovered vehicle, and that it is his business who paid for the repairs. (RT 185.) On cross-examination, Lavergne confirmed the cost to repair the truck was $4,857.22, and that he purchased the truck on May 22, 2018 for $7,825. (RT 186.)

Review of People's Exhibit 17 reflects that the document bears the title "Pacific Auto, Inc." and notes the 5/22/18 purchase of the truck, $7,825 paid to "Brashers," and "entered by BRUCE on 5/22/18." (ECF Nos. 1 at 42; 12-1 at 1173) (CT 166).) Handwriting on the side of the exhibit notes "$4,857.22 in damages." (Id.)

Additional Evidence

In addition, on November 17, 2018, "Bruce L" wrote a letter to the probation department on behalf of Pacific Auto, confirming that he and his family were in New York City at the time the vehicle was stolen, and provided a restitution claim form in the amount of "$4,857.22 for the 2007 Ford F250." (ECF No. 12-1 at 171-72 (CT 164-65).)

Marsden Hearing

On November 30, 2018, prior to sentencing, petitioner requested a Marsden hearing, asking that his defense attorney be relieved and another attorney appointed. (ECF No. 12-4 at 19-20 (RT 317); ECF No. 1 at 188 (CT 319).) Of relevance here, petitioner objected that the vehicle he was accused of stealing did not belong to Lavergne, and Lavergne did not file a police report, and that the mechanic Butler reported the theft to police, and then Butler and Naker met with police, but Naker signed the police report. (Id. at 188-93 (CT 319-24).) Defense counsel stated that he did have discussions with petitioner about ownership of the vehicle, stating "there is a difference between reporting party and the person who has the true ownership of the vehicle." (Id. at 198 (CT 329).) Counsel also confirmed that during the preliminary hearing the detective testified that Lavergne was the true owner. (Id.) Moreover, counsel confirmed that it was made clear at the preliminary hearing that the theory of this case was the driver of the truck. (Id.)

Upon submission, the trial judge remarked that petitioner's defense attorney "is a very good trial lawyer, and he did a good job." (Id. at 205 (CT 336).) The judge explained that the crime does not have to include a taking, but could be driving, and "[t]here was a plethora of evidence that [petitioner was] driving this vehicle." (Id.) "The column of the truck was taken apart where somebody hot wires a vehicle." (Id. at 206 (CT 337).) Following further comments, the trial judge denied the motion. (Id. at 208 (CT 339).)

V. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established Federal law" consists of holdings of the Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859

7

(quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id.  Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established federal law" governing that issue.  See Carey v. Musladin, 549 U.S. 70, 77 (2006).

      A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."[7] Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413; see also Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v.

---

[7] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

8

Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100. Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 298-301 (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. See, e.g., Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine

whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court reviews the state court record to "determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 101. It remains the petitioner's burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860 (citing Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)).

VI. Procedural Default

Contrary to petitioner's claim in his traverse that respondent failed to "controvert" all four of petitioner's claims (ECF No. 16 at 3), respondent contends that all of petitioner's claims are barred. (ECF No. 13 at 5.) Respondent alleges the California Supreme Court's procedural ruling In re Clark bars all of petitioner's claims in federal court because there was no showing why petitioner could not have included his claims in the California Supreme Court in the first or second rounds of habeas. (ECF No. 13 at 5-7) (citing Shinn v. Ramirez, 142 S. Ct. 1718, 1727-28 (2022) ("A federal habeas court generally may consider a state prisoner's federal claim only if he

////

has first presented that claim to the state court in accordance with state procedures.")  Petitioner did not address respondent's arguments that petitioner's claims are barred.

Standards

State courts may decline to review a claim based on a procedural default.  Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).  In turn, federal courts generally refuse to hear claims that were defaulted in state court "'pursuant to an independent and adequate state procedural rule.'"  Johnson v. Lee, 136 S. Ct. 1802, 1803-04 (2016) (per curiam) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  This doctrine of procedural default is based on concerns of comity and federalism.  Id. at 730-32.  To be independent, the state-law rule must not be "interwoven" with federal law.  La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001).  A procedural bar is adequate if it is "firmly established and regularly followed."  Walker v. Martin, 562 U.S. 307, 316 (2011) (citation omitted).  If the respondent pleads the existence of an independent and adequate state procedural ground as an affirmative defense, "the burden to place that defense in issue shifts to the petitioner."  Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003) (as amended).

Even if a claim is barred by an independent and adequate state procedural rule, a federal court may review the claim if the petitioner demonstrates either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750, accord Jones v. Ryan, 691 F.3d 1093, 1101 (9th Cir. 2012).  "Cause" for a procedural default exists where "something external to the petitioner, something that cannot fairly be attributed to him impeded his efforts to comply with the State's procedural rule."  Maples v. Thomas, 565 U.S. 266, 280 (2012).  To show "prejudice," the prisoner must establish that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).

A "fundamental miscarriage of justice" occurs only in those "extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt," Johnson v. Knowles, 541 F.3d 933, 937 (9th Cir. 2008), when the alleged constitutional violation "probably resulted in the conviction of one who is actually

innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986).

Discussion

As detailed above, petitioner filed five separate petitions in the California Supreme Court. In addressing whether petitioner has procedurally defaulted his claims, this court looks to the decision of the last state court to which petitioner presented them to determine if the state court decision rested on an "independent and adequate state ground." Coleman, 501 U.S. at 730; see also Nitschke v. Belleque, 680 F.3d 1105, 1109 (9th Cir. 2012) (Under "the doctrine of procedural default, . . . a federal court is barred from hearing the claims of a state prisoner in a habeas corpus proceeding when the decision of the last state court to which the prisoner presented his federal claims rested on an 'independent and adequate state ground.'" (citation omitted)).

Here, the last state court opinion addressing the instant claims was the October 13, 2021 denial by the California Supreme Court, citing In re Clark (1993) 5 Cal. 4th 750, 759. (ECF No. 12-32.)[8] In Clark, the California Supreme Court held that:

> [i]t has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment.

Id., 5 Cal. 4th at 767-68 (internal citations omitted). To avoid repetitive and piecemeal presentation of claims, a petitioner must "present all known claims in a single, timely petition for writ of habeas corpus." Id. at 767; accord In re Morgan, 50 Cal. 4th 932, 945 (Cal. 2010) ("A corollary of the rule against successive petitions is the rule that all known claims must be brought in a single, timely habeas corpus petition."). Subsequently, the California Supreme Court clarified that Clark's successive bar is independent of federal law. See In re Robbins, 18 Cal.4th 770, 811 (1998).

---

[8] The California Supreme Court also cited In re Robbins, (1998) 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]." (ECF No. 12-32 at 1.)

Although the Ninth Circuit has not yet ruled in a published case that the Clark bar on successive petitions is adequate, numerous district courts have so concluded. See, e.g., Russell v. Borders, 2021 WL 616933, at *8 (E.D. Cal. Feb. 17, 2021) (California's bar of successive and piecemeal petitions is an independent, adequate state law ground."); Cruz v. Montgomery, 2021 WL 2828245 (C.D. Cal. May 11, 2021) (same); Taylor v. Jaime, 2021 WL 1553966, at * 18 (N.D. Cal. Apr. 20, 2021) (same; collecting cases); Luckett v. Matteson, 2020 WL 6868834, at *10 (N.D. Cal. Nov. 23, 2020) ("In re Clark constitutes an independent and adequate state procedural ground for the state court's denial of petitioner's claims, barring federal habeas review"); Church v. Hatton, 2020 WL 978625, at *3 (N.D. Cal. Feb. 28, 2020) (petition barred by Clark's successive petition rule); Briggs v. State, 2017 WL 1806495, at *6-7 (N.D. Cal. May 5, 2017) (claims procedurally defaulted because Clark's bar against successive or abusive petitions is adequate and independent);

The undersigned is persuaded that the California Supreme Court's rejection of petitioner's claims as successive under In re Clark constituted an adequate and independent state ground barring federal review. The failure to comply with California's successive petition rule results in a procedural default barring federal consideration of petitioner's claims unless petitioner can demonstrate both cause for his failure to file a non-successive habeas petition and prejudice resulting from the error. See Coleman, 501 U.S. at 750. In his petition and traverse, petitioner failed to address cause and prejudice. He failed to show cause for the procedural default or actual prejudice if his federal claims are not reviewed.

Petitioner also failed to demonstrate that a fundamental miscarriage of justice will occur if his claims are barred from federal review. The miscarriage of justice inquiry is governed by the standard set forth in Murray v. Carrier, 477 U.S. 478 (1986). Murray requires a habeas petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. To satisfy Murray's "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Id.

////

13

Here, petitioner makes no such showing of actual innocence. Despite petitioner's myriad state court petitions and lengthy briefing in this court, petitioner does not deny that he drove the truck without permission. Indeed, he admitted he drove the truck. (ECF No. 12-31 at 6; 1 at 193 (CT 324 ("I hope you could understand that I'm going to have to do 10 years in prison at 80 percent for operating a motor vehicle for an ultimate amount of time of 15 minutes.")).) Petitioner presents no newly discovered evidence that he had permission to drive the truck. The record demonstrates that petitioner drove the truck without permission.

Accordingly, petitioner's claims are barred from federal review.

VII. Motion for Summary Judgment

Along with his traverse, petitioner filed a motion for summary judgment. Habeas petitions are typically addressed in a summary manner, with evidentiary hearings being held only in limited circumstances. See 28 U.S.C. § 2254(e)(2); Rule 8(a) of the Rules Governing Section 2254 Cases. Therefore, "[s]ummary judgment procedures generally are ill suited to habeas cases." Fahr v. Shinn, 2021 WL 3666244, at *6 (D. Ariz. Aug. 18, 2021) (citing, inter alia, Brian R. Means, Rule 56, Federal Habeas Manual § 8:36 (2018)).

Petitioner's motion advances the same claims raised in the petition, and the undersigned's evaluation of the petition is dispositive of the summary judgment motion. Therefore, the motion should be denied. See Kornfeld v. Puentes, 2019 WL 1004578, at *1 (E.D. Cal. Mar. 1, 2019) ("For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition. Thus, motions for summary judgment are inappropriate in federal habeas proceedings.")

VIII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for summary judgment be denied; and

2. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/coop1632157