UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. COOPER,<br><br>  Petitioner,<br><br>  v.<br><br>PATRICK COVELLO, Warden,<br><br>  Respondent. | No.  2:22-cv-01632-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PETITION FOR HABEAS RELIEF ON THE MERITS<br><br>(Doc. Nos. 17, 18) |

Petitioner is a state prisoner proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 19, 2023, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for summary judgment be denied and that the pending petition for federal habeas relief be denied on the merits as well.  (Doc. No. 19.)  Specifically, the magistrate judge determined that petitioner's claims were barred from federal habeas review because they were procedurally defaulted as evidenced by the California Supreme Court denying habeas relief on those claims.  (Doc. No. 19 at 12–14) (citing *In re Clark*, 5 Cal. 4th 750, 759

/////

/////

/////

1

(1993) (finding successive petitions to be barred).[1]  In addition, the magistrate judge concluded that petitioner had failed to show cause for his procedural default or actual prejudice (including a fundamental miscarriage of justice or actual innocence) should his related claims for federal habeas relief not be reviewed.  (*Id*. at 13–14.)  Finally, the magistrate judge observed that petitioner's arguments in support of his motion for summary judgment were the same as his arguments advanced in support of his petition and should therefore be rejected as well.  (*Id*. at 14.)

The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the date of their service.  (*Id*.)  After receiving two extensions of time in which to do so, (Doc. Nos. 26, 29), petitioner's objections to the pending findings and recommendations were received by the court on August 21, 2023.  (Doc. No. 31.)  Respondent did not file any reply to petitioner's objections and the time to do so has passed.

In his objections petitioner asserts his actual innocence based upon the same assertion that he has advanced in his prior petitions—that although Bruce Lavergne owned Pacific Auto which had acquired the truck in question, Lavergne was out of town at the time the truck was stolen and was therefore not the victim of the car theft nor was he the reporting party of the theft.  (*Id.* at 1–2.)  Petitioner also questions the sufficiency of the evidence that he, petitioner, was seen exiting the stolen vehicle.  (*Id*. at 2.)  These arguments, repeated in his objections, are clearly insufficient to show that a miscarriage of justice will occur if his claims are found to be barred from federal habeas review and likewise fail to support of claim of petitioner's actual innocence. In short, none of the arguments presented in petitioner's objections provide any basis upon which to question the analysis set forth in the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

---

[1] The findings and recommendations note that in addition to appealing from his judgment of conviction, petitioner filed at least ten petitions for habeas relief in the Sacramento County Superior Court and the California Court of Appeals, in addition to five petitions seeking habeas relief filed with the California Supreme Court.  (Doc. No. 19 at 2.)

1 objections, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied as procedurally defaulted and therefore barred.

Having found that the petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's decision to deny the petition debatable or wrong. Therefore, the Court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued May 19, 2023 (Doc. No. 19), are adopted in full;
2. Petitioner's motion for summary judgment (Doc. No. 17) is denied;
3. Petitioner's petition for a writ of habeas corpus is denied;
4. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 7, 2023**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE